```
            UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF FLORIDA
         CASE NO. 09-21132-CIV-HOEVELER/GARBER
```

**YELENA MUCHNIK, individually
and on behalf of a class of
similarly situated consumers,**

    Plaintiff,
v.

**UNION CREDIT BANK,**

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS

BEFORE the Court is Union Credit Bank's motion to dismiss. The motion has been fully briefed and is ready for a decision. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

### Background

Yelana Muchnik claims she was improperly charged a $3.50 ATM fee by Union Credit Bank because there was no warning about the fee posted on or near the ATM machine, as required by the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq*. The plaintiff filed the one-count complaint April 28, 2009 on behalf of herself and a putative class of consumers who were charged the $3.50 fee, seeking both statutory and actual damages. In determining the merits of UCB's motion to dismiss, the Court accepts all well-pled factual allegations in the complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S.Ct.

1

1937, 1949 (2009).

I.

Under the EFTA, ATM operators are required to warn consumers about transaction fees by posting two kinds of notice: (1) physical notice on the ATM machine, and (2) "on-screen" notice on the ATM interface. 15 U.S.C. § 1693b(d)(3)(B). The consumer must then "elect[] to continue in the manner necessary effect the transaction after receiving such notice." 15 U.S.C. § 1693b(d)(3)(C). If an ATM operator fails to comply with the notice requirements, it can be liable for "any actual damage sustained by such consumer as a result of such failure," as well as statutory damages between $100 and $1,000 in an individual action or, in a class action, a sum not to exceed the lesser of $500,000 or one percent of the defendant's net worth. 15 U.S.C. § 1693m(a).

Ms. Muchnik contends that the lack of physical notice on the ATM machine resulted in her paying the $3.50 service fee, and that her actual damages are therefore $3.50. Payment of an ATM fee, however, is not actual damages under the EFTA unless the plaintiff pleads and eventually proves detrimental reliance on a deficient notice. See Voeks v. Pilot Travel Centers, 560 F. Supp. 2d 718, 724-25 (E.D. Wis. 2008) and Polo v. Goodings Supermarkets, Inc., 232 F.R.D. 399, 408 (M.D. Fla. 2004). Ms. Muchnik does not allege any deficiency in the ATM's "on-screen notice," nor does she deny that she "elect[ed] to continue" the transaction after receiving

the on-screen notice. Her election to accept the $3.50 transaction fee breaks the causal chain between UCB's alleged EFTA violation (failing to post physical notice) and the plaintiff's loss (payment of the $3.50 fee).

Because the plaintiff has not alleged detrimental reliance--and, indeed, would not be able to prove it, because she received on-screen notice--she cannot establish actual damages. The $3.50 service fee is precisely the kind of injury that, if proven, is addressed by the statutory damages provision. UCB's motion does not mention the plaintiff's claim for statutory damages, and USB has not explained why this claim is insufficient. It is hereby,

**ORDERED AND ADJUDGED:**

The plaintiff's claim for actual damages is DISMISSED. The Court finds no basis to permit the claim for statutory damages to continue as a class action. The plaintiff has not, and cannot, establish that the putative class meets the requirements of Rule 23(a) and (b)(3). A class action is not superior to other methods for fairly and efficiently adjudicating this controversy. The class allegations are dismissed.

**DONE AND ORDERED** in Miami, Florida, September 16, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE